J-S13001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AARON PHILLIP SHERMAN | |
| Appellant | No. 1206 MDA 2021 |

Appeal from the Judgment of Sentence August 10, 2021
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0002530-2019

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                          **FILED MAY 18, 2022**

Appellant, Aaron Phillip Sherman, appeals from his aggregate judgment of sentence of 20—40 years' imprisonment for rape and kidnapping to inflict injury or terror.[1]  Appellant's counsel has filed a petition seeking to withdraw his representation as well as a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant the petition to withdraw and affirm Appellant's judgment of sentence.

The trial court recounted the factual history of this case as follows:

On September 22, 2019, Scranton Police responded to Regional Hospital of Scranton for a report of sexual assault.  The victim, S.K., indicated that at 2:30 a.m. she was walking on the West

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121 and 2901, respectively.

Elm St. Bridge to her job at an Amazon Warehouse. S.K. told police that, while walking, she was hit from behind with a metal pipe, grabbed around her neck and dragged to a wooded area off the Lackawanna River Heritage Trail between West Elm St. and Broadway St. located in the City of Scranton. She stated her arms were bound with tape and she was raped by [Appellant]. She reported that [Appellant] told her he had too much to drink and was unable to get an erection, so he grabbed her by the back of the head and forced her to perform oral sex on him. Once erect, he bent her back over and again had sexual intercourse with her. After removing the tape, [Appellant] forced her into his pickup truck. He drove around, stating he was looking for another girl. He repeatedly threatened to kill her if she called the police. She said they drove around for hours, all while she had a bleeding head injury that ultimately required staples to close the laceration. After driving around for some time, he parked the pickup and sexually assaulted her again, by vaginally and anally raping her. [Appellant] asked the victim where she lived, and she stated she lived in a rooming house on Capouse Avenue in Scranton. He told her that his family owns rooming houses in that area. Finally, he dropped her off at the Walmart located in Pittston, Pennsylvania and she was able to provide police a partial plate number.

The police were able to identify [Appellant]'s vehicle from surveillance videos from the Walmart, as well as various downtown Scranton businesses. Additionally, the [Pennsylvania] registration came back to a Robert "Bert" Sherman, known to the police as the owner of several rooming houses located on Capouse Avenue. Once the police were able to identify [Appellant] as Aaron Sherman, they questioned him, and he subsequently admitted to the above offenses and was arrested.

Trial Court Opinion, 12/10/21, at 1-2 (citations omitted). It is also important to note that Appellant videotaped part of the sexual assaults on his cell phone.

Appellant pled guilty to rape and kidnapping, and the court imposed consecutive sentences of 10—20 years' imprisonment on each charge, above the aggravated range in the Sentencing Guidelines. Appellant filed a timely

- 2 -

notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, counsel for Appellant filed both an application for leave to withdraw and an *Anders* brief.

Prior to addressing any issue raised on appeal, we must first review counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). An attorney who seeks to withdraw on appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). In addition, our Supreme Court stated in *Santiago* that an Anders brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief together with a letter that advises him of his right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal;

J-S13001-22

or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007). Substantial compliance with the *Anders* requirements is sufficient. *Id.*

Herein, counsel filed a petition to withdraw as counsel and an *Anders* brief. His brief and petition substantially comply with the technical requirements of *Anders* and *Santiago*. Counsel has provided this Court with a copy of the letter she sent to Appellant advising him of his right to retain new counsel, to proceed further with his case *pro se*, and to raise any points that he deems worthy of this Court's attention.

The petition to withdraw and *Anders* briefs comply with all aforementioned requirements. We therefore proceed to examine the issues counsel identified in the *Anders* brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).

The *Anders* brief raises the following issue:

A. Whether the sentences imposed on both offenses were manifestly excessive, harsh and an abuse of discretion since:

(1) They were far in excess of the aggravated sentencing guideline for each offense and were far in excess of probation's recommended sentence of an aggregate sentence of 8 years to 16 years; and

(2) The trial court failed to sufficiently take into consideration the finding of the Sexual Offender Assessment Board which

- 4 -

determined that Appellant was not a sexually violent predator, that the psychiatric report of Richard E. Fischbein, M.D. concluded that Appellant "suffers from a significant personality disorder with components of inadequacy, self-defeating and borderline;" that he has "significant polysubstance abuse history," that he has a low average IQ and is considered "guilty, but mentally ill," that he was under the influence of alcohol and spice at the time of the offenses, and that his prior record score is one.

*Anders* Brief at 4.

Appellant's issues present a challenge to the discretionary aspects of his sentence. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016). Rather, before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011). Appellant satisfies all of these requisites. His appeal is timely, he raised objections to the length of his sentence at the time of sentencing, and his brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Moreover, his concise statement raises a substantial question, namely that the court sentenced him above the aggravated range without taking mitigating factors into consideration. *Commonwealth v. Smith*, 206 A.3d 551, 567 (Pa. Super.

2019) (claim that trial court erred by imposing aggravated range sentence without consideration of mitigating circumstances raises substantial question).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005).

42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination: "[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.* Furthermore,

> [42 Pa.C.S.A. §] 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S.A. § 9781(c). Under 42 Pa.C.S.A. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing

guidelines. The weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S.A. § 9781(c).

*Commonwealth v. Bricker*, 41 A.3d 872, 875-76 (Pa. Super. 2012).

In addition,

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall...presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014).

Appellant argues that his sentence is excessive because (1) it was far in excess of the recommendation in the presentence investigation report and (2) the court failed to take mitigating factors into account. These arguments fail because the court provided satisfactory reasons for sentencing Appellant above the aggravated range and took multiple mitigating factors into account when imposing sentence. The court reasoned in its opinion as follows:

The court reviewed a Presentence Investigation Report prepared by the Adult Probation Department, a sentencing memorandum prepared by the Commonwealth and testimony offered pursuant to the Sex Offender Registration Act and the Adam Walsh and Child Protection Safety Act. Additionally, the court heard a

detailed statement from the victim read by the victim witness advocate in open court at the time of sentencing. At sentencing, the Commonwealth presented additional oral argument in support of its position for the court to impose the maximum sentence allowed under the guidelines on each count and to run the sentences consecutive to each other. Additionally, the Commonwealth argued that there are several factors that allow for a sentence above the aggravated range, such as the gravity of the offense committed, the violence used in the act, the fact that [Appellant] videotaped his crime and that there were multiple abuses. N.T. 8/10/2021 at 15. Further, the Commonwealth asserted that [Appellant] showed no remorse up until the time of sentencing and made statements in his presentence report that he believed the act was consensual. *Id.* at pgs. 15-16. Finally, the Commonwealth focused on the court's responsibility to protect the community at large. *Id.* at 16.

[Appellant] made remarks at sentencing, in which he asked that the court impose a sentence within the standard guideline range. Additionally, he submitted an expert report detailing his diagnosis of a personality disorder and polysubstance abuse, prepared by Dr. Richard Fischbein. *Id.* at 18-19. [Appellant] asserted his history of abusing spice has affected his mental capacity and has resulted in hospitalizations in the past for seizures. *Id.* at 20. Additionally, he pointed to the conclusions of his Sex Offenders Assessment completed by the Sex Offenders Assessment Board, which found he did not meet the qualifications of a sexually violent predator. *Id.* at 10. He asked the court to consider the sentencing recommendation provided by probation. *Id.* Finally, he addressed the court himself, taking responsibility for his crime, and he apologized for his actions. *Id.* at 23-24.

In its sentence the court noted the severity of the crimes, [Appellant's] low prior record score, the victim impact statement, the standard range under the Sentencing Guidelines, the Commonwealth's memorandum, the presentence investigation report, as well as the defense arguments and submissions . . .

The court then placed the reasons for the sentence on the record, stating:

> I do find that the act of videotaping a portion of the sexual assault on your cell phone during the commission of those acts to be an aggravating factor. I do find that the repeated threats to kill the victim during this five-hour ordeal constitute additional aggravating circumstances. I do find that during this five-hour ordeal there were multiple acts of sexual assault. I find the multitude of the acts to constitute an aggravating factor. I do find that you kept your victim against her will for a number of hours while she had a laceration on top of her head that required immediate medical attention, your act of kidnaping her deprived her of the ability and the opportunity to seek immediate medical attention. I find that this is an aggravating factor. So, in addition, I must let you know the additional reasons for the sentence here today. In addition for those aggravating factors listed, I'm also taking into consideration in crafting this sentence the nature and gravity of the offense, the depravity of this offense and the profound effect that it has had on the victim. I'm also taking into consideration the fact that according to Dr. Fischbein, you do have a history of polysubstance abuse and mental health issues. My hope is that while you are incarcerated in the state correctional institution you will be able to address both mental health issues and the polysubstance abuse issues.

*Id.* at 29-31.

Trial Court Opinion, 12/10/21, at 5-6, 7.

This analysis reflects a careful and proper exercise of the court's discretion. Although Appellant would have this Court reweigh the sentencing factors differently than the trial court, "[t]he weighing of factors under 42 Pa.C.S.A. § 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weighing of those factors." *Bricker*, 41 A.3d at 876. The trial court weighed both aggravating and mitigating factors

and provided ample reasons for imposing consecutive sentences of 10—20 years for rape and kidnapping.

After examining the issues in the **Anders** brief, we agree with counsel that the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2022